IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Robert L. Mitchell, #140920, | Civil Action No. 4:19-cv-1668-CMC |
| Plaintiff, | |
| vs. | **OPINION AND ORDER** |
| Magistrate Judge Miller, Barbara Morgan, Judge Costa Pleicones, | |
| Defendants. | |

This matter is before the court on Plaintiff's Amended Complaint pursuant to 42 U.S.C. § 1983.[1] ECF No. 10. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), D.S.C., the matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings. On August 6, 2019, the Magistrate Judge issued a Report and Recommendation ("Report") recommending this matter be summarily dismissed with prejudice and without issuance and service of process based on judicial and prosecutorial immunity, and on statute of limitations and the "favorable termination" requirement in *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). ECF No. 15. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections on August 6, 2019.[2] ECF No. 17.

---

[1] After Plaintiff filed his original Complaint (ECF No. 1), the Magistrate Judge entered a Proper Form Order, notifying Plaintiff of deficiencies in his Complaint – specifically, that claims against judicial defendants are barred by absolute judicial immunity, and claims against a solicitor are barred by prosecutorial immunity – and allowing him an opportunity to file an Amended Complaint. *See* ECF No. 7. Plaintiff filed his Amended Complaint on July 2, 2019. ECF No. 11.

[2] Plaintiff also filed a Motion for Summary Judgment, for Temporary Restraining Order, and for Preliminary Injunction on August 6. ECF No. 18.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court agrees with the Report's recommendation the case be dismissed. As noted by the Magistrate Judge, Judges Miller and Pleicones are entitled to absolute judicial immunity, and Barbara Morgan, a Barnwell county Solicitor, is entitled to prosecutorial immunity. Further, it appears Plaintiff's false arrest claim is barred by the statute of limitations, and a malicious prosecution claim for damages and injunctive relief related to prosecution of criminal charges is barred by *Heck* because Plaintiff has not shown favorable termination of the criminal proceedings against him. To the extent Plaintiff requests release from imprisonment, such a remedy is not available under § 1983.

None of Plaintiff's objections alter these conclusions. He argues the Report does not contain factual findings, and therefore fails to address the facts specific to Plaintiff's case. ECF No. 17 at 2. Further, he argues this failure and the recommendation in the Report to "deny Plaintiff service of process" shows prejudicial intent and therefore the Magistrate Judge should recuse. *Id.* He also seems to suggest the Report is somehow defamatory. *Id.* at 4. In Plaintiff's separate motion for summary judgment, temporary restraining order, and preliminary injunction, he contends he was "denied proper due process by Magistrate Judge Miller, Solicitor Barbara Morgan, trial judge Costa Pelicones [*sic*]." ECF No. 18 at 1. He argues the substance of his Due Process claim regarding his criminal proceedings in 1994, during which he alleges he was mentally ill and should not have been convicted. He also contends the "aforementioned defendants perform[ed] outside the scope of their duties." *Id.* at 5.

The court finds these objections unavailing. Judges Mitchell and Pleicones had absolute judicial immunity, and no set of facts would allow a plaintiff to sue them for judicial actions. Solicitor Morgan was covered by prosecutorial immunity, which shields solicitors from damages liability when acting in the scope of their duties. Applying this law to the facts as alleged by Plaintiff, it is clear he cannot bring suit against these Defendants as he challenges their actions in connection with his criminal case. Plaintiff has been given an opportunity to amend, and it does not appear Plaintiff would be able to further amend his Amended Complaint to allege any facts that would allow him to sue these Defendants.

Accordingly, the court adopts the Report by reference in this Order. Plaintiff's motion (ECF No. 18) is denied. This matter is hereby dismissed with prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
August 7, 2019

4